IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHARLENE J. LEE,                          Case No. 6:13-cv-00802-AA

      Plaintiff,                          OPINION AND ORDER

      v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

      Defendant.
_____

Richard F. McGinty
McGinty & Belcher
P.O. Box 12806
Salem, OR 97301
    Attorney for plaintiff

S. Amanda Marshall
United States Attorney
Ronald K. Silver
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204

David J. Burdett
Special Assistant United States Attorney
Social Security Administration
701 Fifth Ave., Suite 2900 M/S 221A
Seattle, WA 98104-7075
    Attorneys for defendant

1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff brings this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's decision denying her application for disability insurance benefits (DIB) under Title II of the Act. Upon review of the record and the parties' submissions, the decision of the Commissioner is affirmed.

## BACKGROUND

On August 13, 2009, plaintiff filed an application for DIB; it was denied initially and on reconsideration. Tr. 55-58, 62-64, 140-43. On January 25, 2012, plaintiff and a vocational expert appeared and testified before an administrative law judge (ALJ). Tr. 21-39. On February 22, 2012, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 7-20. On April 29, 2013, the Appeals Council denied review, rendering the ALJ's decision as the final agency decision. Tr. 1-4. Plaintiff now seeks judicial review.

Plaintiff was fifty-five years old at the time of the ALJ's decision, with a high school education and past relevant work as a claims clerk. Tr. 25, 34. Plaintiff alleges disability since July 2009 due to congestive heart failure. Tr. 157-58.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is supported by substantial evidence in the record and the correct

2 - OPINION AND ORDER

application of the law. <u>Valentine v. Comm'r Soc. Sec. Admin</u>, 574 F.2d 685, 690 (9th Cir. 2009). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Desrosiers v. Sec'y of Health & Human Servs.</u>, 846 F.2d 573, 576 (9th Cir. 1988) (internal quotation marks and citations omitted). In determining whether substantial evidence supports the decision, the court must weigh "both the evidence that supports and detracts from the [Commissioner]'s conclusions." <u>Martinez v. Heckler</u>, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence "is susceptible to more than one rational interpretation," the Commissioner's conclusion must be upheld. <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005).

COMMISSIONER'S DECISION

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant sequential process. <u>See</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability. Tr. 12; 20 C.F.R. § 416.920(b).

At step two, the ALJ found that plaintiff had medically determinable impairments of coronary artery disease and chronic obstructive pulmonary disease. Tr. 12; 20 C.F.R. § 416.920(c). However, at step three, the ALJ found that these impairments did

3 - OPINION AND ORDER

not meet or equal a listed impairment that is deemed so severe as
to preclude gainful activity. Tr. 13; 20 C.F.R. § 416.920(d).

The ALJ next determined plaintiff's residual functional
capacity (RFC) and found that plaintiff retained the RFC to perform
sedentary work with some exertional and environmental restrictions.
Tr. 13, 20 C.F.R. § 416.920(e).

At step four, based on plaintiff's RFC, the ALJ found that
plaintiff was able to perform her past relevant work as a claims or
data clerk. Tr. 16; 20 C.F.R. § 416.920(f). The ALJ did not proceed
to step five and found plaintiff not disabled under the meaning of
the Act. Tr. 16.

## DISCUSSION

Plaintiff argues that the ALJ erred in evaluating the medical
evidence, primarily the opinions of Dr. Woods and Ms. Krider, a
treating physician and nurse practitioner. Plaintiff also argues
that the ALJ gave unwarranted weight to the opinion of another
physician, Dr. Scriven.

The ALJ may reject the uncontradicted opinion of a treating or
examining physician by providing clear and convincing reasons
supported by substantial evidence in the record. See Lester v.
Chater, 81 F.3d 821, 830 (9th Cir. 1995); Andrews v. Shalala, 53
F.3d 1035, 1041 (9th Cir. 1995). If contradicted, the ALJ may
reject the opinion with specific and legitimate reasons. Id.

In forms dated August 2009, Dr. Woods and Ms. Krider indicated

4 - OPINION AND ORDER

that plaintiff could return to work in September 2009. Tr. 762-63. However, in September 2009, Dr. Woods indicated that plaintiff was unable to return to work, though he did not provide a temporal limitation on plaintiff's inability to work. Tr. 765. In January 2011, Dr. Woods indicated that he did not anticipate plaintiff "ever returning to work." Tr. 760. Also in January 2011, Dr. Scriven reported that if plaintiff returned to work, she should avoid heavy lifting and dust and fumes. Tr. 761.

As an initial matter, the determination of whether plaintiff can work or is disabled is a matter reserved solely to the Commissioner, not to a treating physician. McLeod v. Astrue, 640 F.3d 881, 885 (9th Cir. 2011). Ultimately, "[t]he law reserves the disability determination to the Commissioner." Id. Here, Dr. Woods cited no medical reports or clinical findings to substantiate his assessment of plaintiff's ability to work, and the ALJ was not required to accept his opinion. Tr. 760, 765. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

Further, the ALJ noted that a non-examining physician and an examining physical therapist found plaintiff less limited than Dr. Woods and able to perform light and sedentary work. Tr. 15, 48-49, 770. Notably, "the findings of a nontreating, nonexamining

physician can amount to substantial evidence, so long as other evidence in the record supports those findings." Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996). Here, other evidence in the record supported the findings of the non-examining physician, including the opinions of Dr. Scriven and the physical therapist.

Finally, the ALJ noted that plaintiff's daily activities - including shopping, driving a neighbor to and from work, picking apples, exercising, reading, cooking, and yard work - contradicted Dr. Woods's opinion that plaintiff could not return to work. Tr. 15, 509, 532, 640, 726, 741. These are specific and legitimate reasons supported by the record. See Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175 (9th Cir. 2008) (record of daily activities suggested that the claimant was capable of performing sustained work).

For the same reasons, the ALJ's reasons for discrediting Dr. Woods were "germane" to the statements of Ms. Krider, whose statements were similar to Dr. Woods. See Molina v. Astrue, 674 F.3d 1104, 1122 (9th Cir. 2012). Although plaintiff disagrees with the ALJ's interpretation of the medical record, "[w]hen the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1198 (9th Cir. 2004).

## CONCLUSION

The ALJ's conclusion that plaintiff is not disabled under the

6 - OPINION AND ORDER

Act is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

DATED this 2nd day of June, 2014.

Ann Aiken
United States District Judge

7 - OPINION AND ORDER